IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| SCARLETT MCCOMMON, | : | |
| | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION FILE |
| v. | : | |
| | : | No. _____ |
| ADMIN RECOVERY, LLC, | : | |
| a New York limited liability company, | : | |
| | : | |
| Defendant. | : | |
| _____ | : | |

**COMPLAINT**

**INTRODUCTION**

1.     This is an action for damages against the defendant for violations of the

Federal Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. and a

supplemental claim under the Georgia Fair Business Practices Act.

**SUBJECT MATTER JURISDICTION**

2.     Subject matter jurisdiction in this Court is proper pursuant to 15 U.S.C. §

1692k(d) and 28 U.S.C. § 1337 (federal question jurisdiction).

3.     This court has supplemental jurisdiction under 28 U.S.C. § 1367 to hear

       Plaintiff's state law claims as they are so related to Plaintiff's federal

       question claim that they form part of the same case or controversy.


## PARTIES AND PERSONAL JURISDICTION

4.     Plaintiff resided in this State, District and Division and is authorized by law

       to bring this action.

5.     Defendant ADMIN RECOVERY, LLC is a limited liability company

       organized under the laws of the State of New York.  [Hereinafter, said

       Defendant is referred to as "ADMIN."]

6.     ADMIN transacts significant business in this state, which included sending

       letters to the Plaintiff in Acworth.

7.     ADMIN maintains a registered agent within this State, District, and

       Division.

8.     ADMIN's transactions in this state give rise to the Plaintiff's cause of

       action.

9.     ADMIN is subject to the jurisdiction and venue of this Court.

10.     ADMIN may be served by personal service upon its registered agent in the State of Georgia, to wit: Incorp Services, Inc., 2000 Riveredge Parkway, N.W., Suite 885, Atlanta, GA 30328.

11.     Alternatively, ADMIN may be served by personal service upon any authorized agent or officer at its principal office address: 9159 Main Street, Clarence, NY 14031.

12.     Alternatively, ADMIN may be served by personal or substitute service pursuant to the Federal Rules of Civil Procedure and, as applicable, the laws of the States of Georgia or New York.

## FACTS COMMON TO ALL CAUSES

13.     ADMIN uses the mails in its business.

14.     ADMIN uses telephone communications in its business.

15.     The principle purpose of ADMIN's business is the collection of debts.

16.     ADMIN regularly collects or attempts to collect debts owed or due, or asserted to be owed or due, another.

17.     ADMIN is a debt collector subject to the provisions of the Fair Debt Collection Practices Act.

18.   In the course of attempting to collect a consumer debt allegedly due from Plaintiff to a business not a party to this litigation, ADMIN communicated with Plaintiff in a manner which violated the Federal Fair Debt Collection Practices Act.

19.   The alleged debt allegedly arose from a personal credit card account.

20.   The alleged debt which ADMIN attempted to collect from the Plaintiff was incurred for personal, family or household purposes.

21.   During the 12 months directly preceding the filing of this complaint, ADMIN made telephone communications to Plaintiff.

22.   It is the practice and procedure of ADMIN not to leave its business name in telephone voice mail communications to consumers such as Plaintiff.

23.   It is the practice and procedure of ADMIN not to identify itself as a debt collector in telephone voice mail communications to consumers such as Plaintiff.

24.   It is the practice and procedure of ADMIN not to disclose the purpose of the call in telephone voice mail communications to consumers such as Plaintiff.

25.   In at least two telephone voice mail communications sent to Plaintiff, ADMIN did not meaningfully disclose its identity.

26.   In at least two telephone voice mail communications sent to Plaintiff, ADMIN did not state that the communication was from a debt collector.

27.   In at least two telephone voice mail communications sent to Plaintiff, ADMIN did not state that the purpose of the communication was an attempt to collect a debt.

28.   ADMIN makes false threats of litigation or other unintended consequences in its collection messages.

29.   ADMIN's ordinary course of business conduct violates multiple sections of the FDCPA.

30.   ADMIN's policy for leaving messages with consumer debtors is intentional.

31.   Alternatively, ADMIN's policy for leaving messages was measured and calculated.

32.   Defendant's communications violate the Fair Debt Collection Practices Act.

33.   Defendant's communications violate the Georgia Fair Business Practices Act.

34.   Plaintiff has complied with all conditions precedent to bring this action.


**CAUSE OF ACTION**

## COUNT ONE: FAIR DEBT COLLECTION PRACTICES ACT

35.    The acts of Defendant constitute violations of the Fair Debt Collection

Practices Act.

36.    Defendant's violations of the FDCPA include, but are not limited to, the

following:

37.         The placement of telephone calls without meaningful disclosure of

the caller's identity, in violation of 15 U.S.C. § 1692d(6);

38.         The use of any false, deceptive, or misleading representations

or means in connection with the collection of any debt, in

violation of 15 U.S.C. § 1692e;

39.         The false representation of the status of the debt, in violation of

15 U.S.C. § 1692e(2)(a);

40.         The threat to take action that is not intended to be taken, in

violation of 15 U.S.C. § 1692e(5).

41.         The failure to disclose in subsequent communications that the

communication is from a debt collector, in violation of 15

U.S.C. § 1692e(11).

## COUNT TWO: GEORGIA FAIR BUSINESS PRACTICES ACT

42.     Defendants' actions constitute violations of Georgia's Fair Business Practices Act, including but not limited to, the use of unfair or deceptive acts or practices in the conduct of consumer transactions and consumer acts or practices in trade or commerce.

43.     As a result of defendants' actions, Plaintiff is entitled to an award of 1) actual damages, including general damages for worry, concern, anxiety and emotional distress, 2) treble damages, 3) exemplary damages, as well as 4) an award of costs and attorney fees.

44.     As a result of Defendant's actions, Plaintiff is entitled to an award of statutory damages, as well as an award of costs and attorney fees.

WHEREFORE, PLAINTIFF RESPECTFULLY PRAYS THAT JUDGMENT BE ENTERED AGAINST DEFENDANTS AND IN FAVOR OF PLAINTIFF, AS FOLLOWS:

a)      That Plaintiff be awarded statutory, actual, treble, exemplary and punitive damages;

b)      That Plaintiff be awarded costs and the expenses of litigation including a reasonable attorney fee; and

c)      That the Court grant Plaintiff such further and additional relief as is just in the circumstances.

SKAAR & FEAGLE, LLP

by:     /s/ James M. Feagle
         James M. Feagle
         Georgia Bar No. 256916
         jfeagle@skaarandfeagle.com
         108 East Ponce de Leon Avenue
         Suite 204
         Decatur, GA 30030
         404 / 373-1970
         404 / 601-1855 fax

         Kris Skaar
         Georgia Bar No. 649610
         krisskaar@aol.com
         Justin T. Holcombe
         Georgia Bar No. 552100
         jholcombe@skaarandfeagle.com
         P.O. Box 1478
         331 Washington Ave.
         Marietta, GA 30061-1478
         770 / 427-5600
         404 / 601-1855 fax